**UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ROY C. SMITH, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>vs.<br><br>TRI-COUNTY ELECTRIC COOPERATIVE, INC.,<br><br>    Defendant. | **COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)**<br><br>**(CLASS ACTION)** |

The Plaintiff, Roy C. Smith, on behalf of himself and all others similarly situated, complains of the Defendant, Tri-County Electric Cooperative, as follows:

**PARTIES**

1. Roy C. Smith (hereinafter "Smith") is a resident of Richland County, South Carolina and is a customer of Tri-County Electric Cooperative, Inc.

2. Tri-County Electric Cooperative, Inc. (hereinafter "Tri-County Electric") is a corporation incorporated under the laws of the State of South Carolina. Tri-County Electric is exempt from federal taxation under 26 U.S.C. § 501(c)(12).

**JURISDICTION AND VENUE**

3. The District of South Carolina possesses personal jurisdiction over the Defendant as the Defendant is both incorporated under the laws of this State and is headquartered within South Carolina.

1

4. The District of South Carolina possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is appropriate in the Columbia Division pursuant to Local Civil Rule 3.01(A) whereas the Defendant resides within this division and a substantial part of the acts and/or omissions giving rise to these claims occurred within the Columbia Division.

## FACTS

6. Tri-County Electric is a non-profit corporation exempt from federal taxation under 26 U.S.C. § 501(c)(12) that operates as an electric cooperative under South Carolina's "Electric Cooperative Act" (S.C. Code Ann. § 33-9-10, et seq.).

7. Tri-County Electric provides electricity to approximately 13,600 customers in Richland, Lexington, Sumter, Calhoun, and Orangeburg Counties. These customers are also known as "members" of the electric cooperative.

8. Tri-County Electric is governed by a nine-member Board of Trustees which elects the corporation's officers and establishes rates of compensation.

9. As both a non-profit corporation under federal law and an electric cooperative under state law, Tri-County Electric is prohibited from awarding its trustees excessive compensation. In fact, federal and state law requires Tri-County Electric to return to its members revenues earned beyond the electric cooperative's costs and expenses.

10. However, since at least 2004, Tri-County Electric has been awarding its trustees compensation far in excess of the reasonable needs of the organization's business. Compensation paid to the nine-member Board of Trustees in each of those years has been as follows:

    a. 2004: $305,547

    b. 2005: $306,715

    c. 2006: $476,946

    d. 2007: $459,670

    e. 2008: $854,893

    f. 2009: $287,206

    g. 2010: $332,563

    h. 2011: $349,077

    i. 2012: $342,213

    j. 2013: $400,698

    k. 2014: $424,886

    l. 2015: $466,413

    m. 2016: $676,521

11. Six of the nine Trustees of Tri-County Electric have served on the cooperative's board continuously since 2004. All six have received in excess of $100,000 of compensation.

12. In October of 2017, a consultant retained by Tri-County Electric informed the Board of Trustees that its rate of compensation far exceeded that in comparable electric cooperatives. The consultant drafted amended bylaws which would have dramatically reduced the Board's rate of compensation.

13. Soon thereafter, a majority of board members began a systematic campaign to reject the proposed amended bylaws.

14. On May 17, 2018, the proposed amended bylaws were narrowly rejected, leaving the rate of compensation of the Tri-County Electric Board of Trustees in place.

**CLASS ALLEGATIONS**

15. The Plaintiff, pursuant to Fed. R. Civ. P. 23, seeks the certification of the following class:

3

> All customers of Tri-County Electric Cooperative, Inc. who paid electrical bills to Tri-County Electrical Cooperative, Inc. from May 22, 2015 to the present. This class shall exclude any board member, trustee, or employee of Tri-County Electrical Cooperative, Inc. and any member of the judiciary.

16. The proposed class is so numerous—approximately 13,600 individuals—as to make joinder impracticable.

17. There are questions of law and fact common to the proposed class. For example:

   a. Whether the Defendant was prohibited by federal law from paying its trustees excessive compensation;

   b. Whether the Defendant was prohibited by state law from paying its trustees excessive compensation;

   c. Whether the Defendant should be enjoined from continuing to pay its board members the compensation they currently earn;

   d. Whether a contract existed between the Defendant and its members; and

   e. If such a contract existed, whether the Defendant breached the terms of that contract.

18. The claims of Plaintiff Roy Smith, the proposed class representative, are typical of the claims of the proposed class. Roy Smith a Tri-County Electric member and his legal interests are aligned with those of the proposed class.

19. Plaintiff Roy Smith, the proposed class representative, will adequately protect the interests of the class. Roy Smith is an individual of sound moral character and he has retained attorneys experienced in class litigation and complex litigation.

20. The relief primarily sought in this case is injunctive and declaratory. To the extent that this case seeks monetary damages, questions of law or fact common to class members predominate

over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

21. The allegations of paragraphs one through twenty are incorporated as if repeated verbatim herein.

22. As a tax exempt corporation under 26 U.S.C. § 501(c)(12), Tri-County Electric maintains its tax exempt status "only if 85 percent or more of the income consists of amounts collected from members **for the sole purpose of meeting losses and expenses**." 26 U.S.C. § 501(c)(12)(A)(emphasis added).

23. Tri-County Electric has violated (and continues to violate) this provision of federal law by awarding its trustees compensation that vastly exceeds reasonable expenses to the corporation.

24. Because Defendant Tri-County Electric is an electric cooperative, the mandates of Chapter 49, Title 33 of the South Carolina Code of Laws apply to the corporation.

25. S.C. Code Ann. § 33-49-630 provides as follows:

> The bylaws may make provision for the compensation of trustees; provided, however, that compensation shall not be paid except for actual attendance upon activities authorized by the board. The bylaws may also provide for the travel expenses and other benefits of trustees, as set by the board. A trustee, except in emergencies, shall not be employed by the cooperative in any other capacity involving compensation.

26. Tri-County Electric has violated (and continues to violate) this provision of state law by awarding its trustees compensation that vastly exceeds reasonable expenses to the corporation and that fails to be constrained to the requirements of Section 33-49-630.

27. The Electric Cooperative Act also provides for the retirement of "patronage capital," which is "the amount by which the cooperative's electric revenues exceed its costs of doing business."

S.C. Code Ann. § 33-49-460(B). This amount is to be returned to the cooperative's members "by a bill credit or by the mailing of payment" to the individual members. S.C. Code Ann. § 33-49-460(E).

28. Tri-County Electric has violated (and continues to violate) this provision of state law by under-calculating the patronage capital owed to its members due to the excessive "costs of doing business," which include its unlawfully awarded trustee compensation. Tri County Electric also has violated (and continues to violate) this provision of state law by failing to return to its members the appropriate "patronage capital" which they are due.

29. Plaintiff Smith, on behalf of himself and the proposed class, seeks an order from the court declaring his rights and those of the class members under the aforementioned statutes.

### FOR A SECOND CAUSE OF ACTION
**(Injunctive Relief)**

30. The allegations of paragraphs one through twenty are incorporated as if repeated verbatim herein.

31. As noted above, not only does Tri-County Electric continue to employ the precise trustee compensation scheme that has awarded its trustees over $6 million since 2004, but it has recently rejected efforts to restrict such excessive compensation.

32. Plaintiff Roy Smith and the proposed class members will suffer irreparable harm if an injunction is not issued to cease the unlawful actions of Tri-County Electric.

33. Plaintiff Roy Smith and the proposed class members are likely to succeed on the merits of this case, considering the incredibly excessive amounts of compensation Tri-County Electric is awarding its trustees in violation of federal and state law.

34. The balance of equities tips in favor of the Plaintiff and proposed class members, as the Plaintiff only seeks to restrain Tri-County Electric from paying a small group of self-serving officials enormous and undeserved profits.

35. An injunction would serve the public interest, as it would prevent Tri-County Electric from continuing to violate federal and state law to the detriment of approximately 13,600 members of the cooperative.

36. For these reasons, Plaintiff Smith requests that the Court issue a preliminary and permanent injunction barring Tri-County Electric from issuing any trustee compensation in violation of 26 U.S.C. § 501(c)(12), S.C. Code Ann. § 33-49-630, and S.C. Code Ann. § 33-49-460(B).

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

37. The allegations of paragraphs one through twenty are incorporated as if repeated verbatim herein.

38. Defendant Tri-County Electric possessed a contract with Plaintiff Smith and each class member to provide electricity in consideration for the payment of electrical rates.

39. These contracts necessarily incorporated all provisions of applicable law, including 26 U.S.C. § 501(c)(12), S.C. Code Ann. § 33-49-630, and S.C. Code Ann. § 33-49-460(B).

40. Defendant Tri-County Electric breached the terms of its contract with Plaintiff Smith and each class member by:

    a. Awarding its trustees excessive compensation;

    b. Charging its members unlawful, excessive, and unreasonable rates; and

    c. Failing to return to its members adequate patronage capital.

41. As a result of Defendant Tri-County Electric's breaches of contract, Plaintiff Smith and each class member incurred actual monetary damages for which they are entitled compensation.

**PRAYER FOR RELIEF**

Having set forth the above-styled allegations, the Plaintiff prays for the following relief:

1. An order certifying this case as a class action pursuant to Fed. R. Civ. P. 23,

2. A trial by jury,

3. Declaratory relief,

4. A preliminary and permanent injunction,

5. Actual damages,

6. Costs,

7. Such other relief that just may require.

    s/ Graham L. Newman
Mark D. Chappell, Esq. (Fed ID #106)
W. Hugh McAngus, Jr., Esq. (Fed ID #9874)
Graham L. Newman, Esq. (Fed ID #9746)
Mark D. Chappell, Jr., Esq. (Fed ID #12416)
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)
mchappell@csa-law.com
hugh@csa-law.com
gnewman@csa-law.com
mchappelljr@csa-law.com

ATTORNEYS FOR THE PLAINTIFF
AND PLAINTIFF CLASS