**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Roy C. Smith, on behalf of himself and all others similarly situated, | ) ) ) ) | Civil Action No.: 3:18-cv-01395-JMC |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| v. | ) ) ) | |
| Tri-County Electric Cooperative, Inc., | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Roy C. Smith, on behalf of himself and all others similarly situated, filed this putative class action against Defendant Tri-County Electric Cooperative, Inc. seeking declaratory relief and injunctive relief for an alleged breach of contract. (ECF No. 1.)

This matter is before the court by way of Plaintiff's Motion for Temporary Restraining Order ("TRO"), pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, seeking to "impede the special meeting" of Defendant's board members "presently scheduled to begin on August 18, 2018 at 8:00 AM." (ECF No. 16 at 1.) For the reasons set forth below, the court finds that it does not have jurisdiction to rule on Plaintiff's Motion for TRO and **DISMISSES** this case without prejudice.

On May 22, 2018, Plaintiff filed this action against Defendant alleging that the court has "subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction)." (ECF No. 1 at 2 ¶ 4.)[1] However, the only substantive allegation in the Complaint is a state law claim for breach of contract. (*See id.* at 7 ¶¶ 37–41.) Because it possesses limited

---

[1] The court observes that Defendant in its Answer did not disagree with Plaintiff's jurisdictional statement. (*See* ECF No. 6 at 2 ¶ 4.)

jurisdiction, the court is required to be mindful that "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (citation omitted).

Upon its review of Plaintiff's filings, the court only found reference to two federal statutes, 26 U.S.C. § 501(c)(12) and 28 U.S.C. § 2201.[2] Section 501(c)(12) does not confer federal subject matter jurisdiction based on the allegations presented by Plaintiff. *Perez v. Cook*, Civil No. 14-00018 LEK-KSC, 2014 WL 4129524, at *3 (D. Haw. Aug. 19, 2014) ("[T]his Court has previously rejected the argument that an organization's § 501(c) status creates federal jurisdiction over claims that are unrelated to the organization's tax status."); *Ellis v. Phoebe Putney Health Sys., Inc.*, No. 1:04 CV 80(WLS); 2005 WL 4732728, at *4 (M.D. Ga. Apr. 8, 2005) ("§ 501(c)(3) does not confer federal subject matter jurisdiction for this Court to hear Plaintiffs' state law claims."). Moreover, § 2201 is ineffectual in the context of Plaintiff's breach of contract claim because "claims under § 2201 require the Court to have an independent basis of federal jurisdiction, for that statute is unable to create jurisdiction where none otherwise exists." *Marshall Tucker Band, Inc. v. M T Indus., Inc.*, 238 F. Supp. 3d 759, 766 (D.S.C. 2017) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding § 2201 has only a "procedural" operation and does not extend the jurisdiction of the federal courts); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ("The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts.")). In this regard, even though Plaintiff cites to 26 U.S.C. § 501(c)(12) and 28 U.S.C. § 2201 to support subject matter jurisdiction, these specific statutes do not confer such jurisdiction. *Blackstock v. Magnolia Health Care*, C/A No.

---

[2] 26 U.S.C. § 501(c)(12) is referenced in the Complaint. (*See* ECF No. 1 at 1 ¶ 2, 2 ¶ 6, 5 ¶ 22, 7 ¶¶ 36, 39.) 28 U.S.C. § 2201 is cited on the Civil Cover Sheet. (ECF No. 4.)

4:17-cv-03068-RBH-KDW, 2018 WL 541759, at *2 (D.S.C. Jan. 2, 2018) ("The mere mention of a federal statute in a complaint does not create federal-question jurisdiction. Rather, federal-question jurisdiction requires that a party assert a substantial federal claim.") (citations omitted).

As a result of the foregoing, the court finds that it does not have jurisdiction over this matter to adjudicate Plaintiff's Motion for TRO. Accordingly, the court **DISMISSES** this action.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

August 17, 2018
Columbia, South Carolina